**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

WINDSTREAM CORPORATION,                                                                      PLAINTIFFS
WINDSTREAM BENEFITS COMMITTEE,
WINDSTREAM SYSTEMS OF THE
MIDWEST, INC., and VALOR
TELECOMMUNICATIONS OF TEXAS, L.P.,
d/b/a WINDSTREAM COMMUNICATIONS SOUTHWEST

v.                                                      No. 4:09CV00953 JLH

CRAIG WALLACE, JOHNNY LEE,
HELEN E. FRANKS, HOMER A. MEEKINS,
FLOYD L. MADISON, DORENE R. FULLER,
DONALD H. REMPE, CARMEN M. BRYANT,
LINDA SUE DONAHUE, DONALD F. ANTHOLZ,
CHARLES J. MOORE, JOSEPH P. WANSOLICH,
THOMAS FARRELL WATTS, JACK R. ELLIOT,
and TYRONE M. KIMREY, Individually and as
Representatives of Persons Similarly Situated                                                DEFENDANTS

**OPINION AND ORDER**

This action concerns an ERISA plan. It is brought not by a beneficiary to enforce the plan but by the plan sponsor, Windstream Corporation, and related entities (collectively "Windstream"), seeking a declaration that certain amendments to the plan are valid and enforceable. Windstream named several individual defendants whose rights under the ERISA plan may be affected by the amendments and seeks to have those individual defendants named as class representatives to represent the class of all beneficiaries whose rights may be affected by the amendments. One of the defendants, Johnny Lee, has filed a motion for judgment on the pleadings, arguing that Windstream lacks standing to bring an action under ERISA, so this Court lacks jurisdiction over this action.

Civil actions to enforce ERISA are authorized by 29 U.S.C. § 1132. In pertinent part, that statute provides that a civil action may be brought by a participant or beneficiary to recover benefits

due under the terms of the plan, to enforce rights under the plan, or to clarify rights to future benefits under the terms of the plan.  29 U.S.C. § 1132(a)(1)(B).  The statute also authorizes an action by a participant, beneficiary, or fiduciary to enjoin or obtain other equitable relief with respect to an act or practice that violates a provision of this statute or the terms of the plan.  29 U.S.C. § 1132(a)(3).

Lee argues that Windstream has no standing because it is not a plan participant or beneficiary, nor does it bring this action as a fiduciary to seek equitable relief with respect to any act or practice that violates the statute or the plan.  Lee further argues that this action is not authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201 and § 2202, because the Declaratory Judgment Act is procedural in nature, *i.e.*, it enlarges the range of remedies available in federal courts but does not extend their jurisdiction.  *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72, 70 S. Ct. 876, 879, 94 L. Ed. 1194 (1950).

Nevertheless, "[f]ederal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question."  *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 19, 103 S. Ct. 2841, 2851, 77 L. Ed. 2d 420 (1983).  That principle has been held to authorize an insurer providing benefits under an ERISA plan to bring a declaratory judgment action against a plan beneficiary who could have brought a claim against the insurer under 29 U.S.C. § 1132(a) to obtain benefits.  *Transamerica Occ. Life Ins. Co. v. Digregorio*, 811 F.2d 1249, 1253 (9th Cir. 1987).  *See also Reynolds v. Stahr*, 758 F. Supp. 1276, 1281 (W.D. Wis. 1991) (holding that the fiduciary and sponsor of an ERISA plan had standing to bring a declaratory judgment action against beneficiaries who had the right to assert claims). Following *Transamerica* and *Reynolds*, the Eighth Circuit has held that an insurance company providing benefits under an ERISA plan has authority to file a declaratory judgment action seeking

an interpretation of the policy.  *Prudential Ins. Co. of America v. Doe*, 76 F.3d 206, 210 (8th Cir. 1996).  *See also Maytag Corp. v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America*, No. 4:08CV00291-JEG, 2009 WL 350649, *4 (S.D. Iowa, Feb. 11, 2009) ("Federal courts have jurisdiction over actions for declaratory judgment in cases where they would have jurisdiction over that same case if it were in the form of a coercive action brought by the declaratory judgment defendant."); *Rexam, Inc. v. United Steelworkers of America, AFL-CIO-CLC*, No. CIV03-2998 ADM/AJB, 2003 WL 22477858, *2 (D. Minn. Oct. 30, 2003) (following *Prudential* and *Transamerica* in holding that an employer who was a plan sponsor could bring an action for declaratory judgment where the defendants could have brought a coercive action under ERISA).

Here, there is no doubt that the defendants could bring a coercive action under 29 U.S.C. § 1132(a) against Windstream to seek benefits under the ERISA plan and could argue that the plan amendments were invalid and unenforceable.  Therefore, following *Prudential* and *Transamerica*, Windstream has standing to bring an action under the Declaratory Judgment Act to determine whether the plan amendments are valid and enforceable.  Lee's motion for judgment on the pleadings is therefore denied.  Document #59.

IT IS SO ORDERED this 28th day of September, 2010.

J. Leon Holmes
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE