IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| WINDSTREAM CORPORATION, § | | |
| WINDSTREAM BENEFITS COMMITTEE, § | | |
| WINDSTREAM SYSTEMS OF THE § | | |
| MIDWEST, INC., and § | | |
| VALOR TELECOMMUNICATIONS OF § | | |
| TEXAS, L.P., d/b/a Windstream § | | |
| Communications Southwest, § | | |
| § | | |
| *Plaintiffs*, § | | |
| v. § | | |
| § | | |
| DANNY AMMONS, *et al.*, § | Case No.: 4:09-CV-953JLH | |
| § | | |
| Individually and as Representatives of § | | |
| Persons Similarly Situated, § | | |
| § | | |
| *Defendants.* § | | |
| § | | |
| COMMUNICATIONS WORKERS OF § | | |
| AMERICA, AFL-CIO, § | | |
| § | | |
| *Intervenor/Cross-Plaintiff,* § | | |
| v. § | | |
| § | | |
| VALOR TELECOMMUNICATIONS OF § | | |
| TEXAS, L.P. d/b/a WINDSTREAM § | | |
| COMMUNICATIONS SOUTHWEST § | | |
| § | | |
| *Cross-Defendant* § | | |

## PROTECTIVE ORDER

IT IS HEREBY ORDERED THAT:

1. **Scope.** This Protective Order shall govern all documents, information, and other materials produced in response to discovery requests, subpoenas, and any deposition transcripts or their equivalent in the above-captioned case ("Discovery Materials").

2. **Definitions.** As used in this Protective Order, these terms have the following meanings:

**PROTECTIVE ORDER** Page 1
81007740.1

(a) "Attorneys" means counsel of record;

(b) "Confidential" documents are documents designated pursuant to paragraph 5;

(d) "Documents" are all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure;

(e) "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

(f) "Written Assurance" means an executed document in the form attached as Exhibit A.

3. **Use of Information.** All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4. Any other use is prohibited.

4. **Access.** Access to any Confidential document shall be limited to:

(a) the Court and its staff;

(b) Attorneys and their office associates, legal assistants, stenographic and clerical employees, and their Outside Vendors;

(c) persons shown on the face of the document to have authored or received it;

(d) court reporters retained to transcribe testimony;

(e) the parties and their employees; and

(f) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance, or to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action.

5. **Designating Confidential Material.** During the course of litigation, any party to this action may seek to have Discovery Materials they are producing, or that have been produced by any other person, classified as "Confidential." Any party may designate as Confidential any

**PROTECTIVE ORDER** Page 2
81007740.1

Discovery Material it determines in good faith contains confidential commercial, financial, proprietary, or personal information. To designate a document to be produced as Confidential, the designating party shall mark each page of a paper document that contains Confidential information, or label other media containing such information, with the word "Confidential" prior to the production to the other party. Any document or deposition transcript (or portions thereof) so designated, copies thereof, and information contained therein shall be "Confidential Materials" and subject to the restrictions set forth herein.

6. **Third-Party Designation of Confidential Materials**. Third parties producing documents in the course of this action may also designate documents as "Confidential" subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action after this Order is entered.

7. **Written Assurance**. Each person designated pursuant to paragraphs 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A.

8. **Depositions**. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 30 days of receipt of the transcript specifying the particular potion of the transcript as "Confidential." Upon designation by a party, the reporter shall stamp or mark the relevant portion of the transcript as Confidential. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

9. **Inadvertent Failure to Designate**. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall either return the improperly-designated documents and any copies thereof within 10 days or destroy such documents within 10 days and provide written certification to that effect.

10. **Inadvertent Production of Documents**. Any party who inadvertently produces documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

11. **Objections to Confidentiality Designations.** If at any time a party objects to a designation of Discovery Materials as Confidential under this Order, the objecting party may notify the designating party in writing. The notice shall identify the materials in question and shall specify in reasonable detail the reason or reasons for the objection. The parties agree to meet and confer promptly in good faith to resolve any disagreements regarding the propriety of any designation of Discovery Materials as Confidential. If the parties are unable to reach a mutual agreement after conferring, the designating party shall—within 10 days of receipt of the notice objecting to the designation—either withdraw the designation or apply to the Court for a ruling on the Confidential status of the Discovery Materials at issue. If the designating party applies to the Court for such a ruling, the Confidential status of the Discovery Materials shall be

maintained until the Court has rendered a final ruling on the application. If the designating party does not apply to the Court for such a ruling within the 10-day period, the designation in dispute shall be deemed withdrawn.

12. **Filing with the Court.** In the event that a party intends to include any Confidential documents in a Court filing, the party may, at least two business days prior to the date of the filing, inform the party who designated the material(s) as Confidential of the identity of the Confidential documents to be filed. If the filing party does so, the designating party must, by the end of the business day prior to the filing date, indicate which Confidential documents it wishes to be filed under seal, if any. If the designating party fails to respond to the filing party by the end of the business day prior to the filing date, then the filing party may file the Confidential documents in the public record. If the filing party does not inform the designating party of its intent within two business days of the filing, and in all other instances, Confidential documents that are contained in any Court filing shall be filed under seal. Confidential documents that are filed under seal, must be filed in a sealed envelope in compliance with Section IV.B of the Court's CM/ECF Administrative Policies and Procedures Manual for Civil Filings. The sealed envelope also must contain the following statement:

> "CONFIDENTIAL: THE CONTENTS OF THIS ENVELOPE ARE NOT TO BE SCANNED AND ARE SUBJECT TO A PROTECTIVE ORDER OF THIS COURT AND SHALL NOT BE SHOWN TO ANY PERSONS OTHER THAN A JUDGE OF THIS COURT OR ANY ATTORNEY OF THIS CASE."

Either party may file a motion to unseal documents that have been filed under seal, and the proponent of a document's confidential designation shall bear the burden of demonstrating that the document should be excluded from the public court file pursuant to Fed. R. Civ. P 26(c).

13. **Termination of Action.** The termination of this action shall not relieve any person possessing Confidential documents from the obligations imposed by this Protective Order unless the Court orders or permits otherwise. Further, the parties stipulate that all Confidential

documents, including any copies, will be destroyed within 60 days after the conclusion of this action, except that counsel shall be permitted to maintain the complete integrity of their respective case files for a reasonable period of time provided that they continue to comply with the terms of this Protective Order.

14. **Modification or Other Court Order.** Nothing in this Protective Order precludes any party from seeking from the Court and obtaining, on an appropriate showing, a modification of this Protective Order, protection for particular Discovery Materials that is different from or in addition to the protection provided pursuant to this Protective Order, or permission to disclose Confidential documents other than as permitted under this Protective Order.

15. **No Waiver of Any Claim or Defense.** No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

**SO ORDERED**

Dated this _11th_ day of _August_, 2011.

BY THE COURT:

_____
J. Leon Holmes
United States District Judge

**APPROVED AS TO FORM AND CONTENT:**

/s/ Richard S. Krumholz
Troy A. Price (88010)
Stephen R. Lancaster (93061)
Michelle M. Kaemmerling (2001227)
WRIGHT, LINDSEY & JENNINGS L.L.P.
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201
Telephone: (501) 371-0808
Facsimile (502) 376-9442
tprice@wlj.com
slancaster@wlj.com
mkaemmerling@wlj.com

Richard S. Krumholz
Texas State Bar No. 00784425
*Member of the E.D. of Arkansas Bar*
Lindsy Nicole Alleman
Texas State Bar No. 24055094
*Admitted Pro Hac Vice*
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
rkrumholz@fulbright.com
lalleman@fulbright.com

Mark S. Miller
Texas State Bar No. 14099600
*Admitted Pro Hac Vice*
Scott Keys
Texas State Bar No. 24050870
*Admitted Pro Hac Vice*
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
mmiller@fulbright.com
skeys@fulbright.com

*COUNSEL FOR PLAINTIFFS WINDSTREAM CORPORATION, WINDSTREAM BENEFITS COMMITTEE, WINDSTREAM SYSTEMS OF THE MIDWEST, INC. AND VALOR TELECOMMUNICATIONS OF TEXAS, L.P., D/B/A WINDSTREAM COMMUNICATIONS SOUTHWEST*

/s/ David Van Os
David Van Os
Texas State Bar No. 20450700
Matt Holder
Texas State Bar No. 24026937
DAVID VAN OS & ASSOCIATES, P.C.
The Milam Building
115 E. Travis Street, Suite 618
San Antonio, Texas 78205
Telephone: (210) 1800
Facsimile: (210) 299-1801
dvo@vanoslaw.com
matt@vanoslaw.com

John L. Burnett
Arkansas State Bar No. 77021
LAVEY AND BURNETT
904 W. 2d Street
P.O. Box 2657
Little Rock, Arkansas 72203
jburnett@laveyandburnett.com

*ATTORNEYS FOR COUNSEL FOR DEFENDANT JOHNNY LEE AND FOR COMMUNICATION WORKERS OF AMERICA, AFL-CIO*

# EXHIBIT A
# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. 4:09-cv-00953, pending in the United States District Court for the Eastern District of Arkansas, Western Division. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential," including all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Eastern District of Arkansas, Western Division for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on: _____   _____
                 (Date)                             (Signature)